## No. 8112.

### J. P. MARITCHE vs. BOARD OF LIQUIDATION.

The very object of an application for a rehearing is to have this Court reconsider whether or not there is error in the Decision rendered *on the record such as it is.* When there is no such error, the rehearing must be refused. If the record is defective, it is not after judgment rendered in this Court, that it can be corrected. Bacas vs. Smith, 33 An. 142, affirmed.

APPEAL from the Civil District Court for the parish of Orleans. *Monroe*, J.

*W. S. Benedict* for Plaintiff and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. We are asked by plaintiff to affirm the judgment rendered in his favor, and which he brings up for review, declaring certain State warrants issued prior to January 1st, 1874, amounting to

$2,746 98, to be fundable under Act No. 73 of 1874, and that bonds issue therefor.

That judgment was rendered by default.

The record does not disclose that a citation was issued and served.

The State authorities have not joined issue in the lower court, and have entered no appearance in this Court.

It is, therefore, ordered and decreed that the judgment of the lower court be reversed, and that the case be remanded for further proceedings at plaintiff's costs.

### ON APPLICATION FOR REHEARING.

LEVY, J. The plaintiff, appellee, applies for a rehearing, and with his application files a copy of the citation and return thereon, accompanied with a certificate of the clerk of the lower court, to the effect, that these documents had been inadvertently omitted from the transcript, under a misapprehension of the rules of this Court. It is too late to supply the omission after the case has been decided by us. By our decree the cause has been remanded to the lower court for further proceedings where the appellee may have an opportunity to bring the case properly before that tribunal. We are called upon in the very nature of an application for rehearing to decide whether or not there is any error in our decision rendered on the record, which was before us. Bacas vs. Smith, 33 An. 142. There was no error in our opinion and decree, and the rehearing is therefore refused.